PER CURIAM.
¶ 1 Roy S. Anderson appeals from a judgment convicting him of possession with intent to deliver cocaine, one gram or less, as a second or subsequent offense. He contends that the circuit court erred in denying his motion to suppress evidence obtained from a search. We disagree and affirm.
¶ 2 On August 25, 2015, at approximately 4:00 p.m., Officer Michael Seeger was driving an unmarked police car in the vicinity of 16th Street and South Memorial Drive in Racine, an area known for high drug trafficking. There, he observed Anderson riding a bicycle on a sidewalk in violation of a city ordinance.
¶ 3 Seeger was familiar with Anderson, having arrested him before for possession of cocaine. He knew that Anderson had been convicted of a felony and released on community supervision on March 17, 2015. Seeger had also received two tips from a confidential informant in the preceding two-and-one-half weeks, advising that Anderson was selling narcotics in an alleyway behind 1619 South Memorial Drive.
¶ 4 Upon observing Anderson, Seeger made a U-turn so that he could make contact with him. In response, Anderson made a right turn down a nearby alley and repeatedly glanced backwards at Seeger. Seeger pursued Anderson and observed him taking his left hand off the bicycle's handlebars and placing it into his front jacket pocket, as though he was attempting to conceal something.
¶ 5 Eventually, Seeger ordered Anderson to stop, which he did. Seeger then searched Anderson pursuant to 2013 Wisconsin Act 79 ("Act 79"), which allows a law enforcement officer to search a person who has been placed on community supervision without consent or a warrant if the officer reasonably suspects that the person is committing, is about to commit, or has committed a crime.[1] The search yielded two bags of cocaine, over $200 cash, and two cell phones.
¶ 6 The State charged Anderson with possession with intent to deliver cocaine, one gram or less, as a second or subsequent offense. Anderson filed a motion to suppress evidence obtained from Seeger's search, which the circuit court denied after a hearing. Anderson subsequently pled no contest to the charged offense and was sentenced to five years of initial confinement and five years of extended supervision. This appeal follows.
¶ 7 A circuit court's ruling on a motion to suppress evidence presents a mixed question of fact and law. State v. Casarez , 2008 WI App 166, ¶ 9, 314 Wis. 2d 661, 762 N.W.2d 385. The court's findings of fact will not be overturned unless they are clearly erroneous. Id. However, the application of statutory and constitutional principles to those findings of fact presents a matter for independent appellate review. Id.
¶ 8 On appeal, Anderson contends that the circuit court erred in denying his motion to suppress evidence obtained from Seeger's search. He asserts that Seeger did not have sufficient basis to believe that Anderson was subject to Act 79. Alternatively, he maintains that even if Act 79 applied, Seeger lacked reasonable suspicion to believe Anderson was committing, was about to commit, or had committed a crime. We are not persuaded by Anderson's arguments.
¶ 9 Here, the facts adduced show that Seeger had sufficient basis to believe that Anderson was subject to Act 79. As noted, Seeger was familiar with Anderson, having arrested him before for possession of cocaine. He knew that Anderson had been convicted of a felony and released on community supervision on March 17, 2015.[2] Although Seeger did not know the length of Anderson's supervision, it was reasonable to presume that it lasted for a period beyond the date of the search, which was August 25, 2015.
¶ 10 The facts also show that Seeger had the requisite reasonable suspicion to trigger a lawful Act 79 search. This was based, in part, upon the tips he received from a confidential informant, advising that Anderson was selling narcotics near the location where Seeger first observed him. It was also based upon: (1) Anderson's history of possessing illegal narcotics; (2) his presence in a high drug trafficking area; and (3) his peculiar behavior upon seeing Seeger, which included turning down a nearby alley, repeatedly glancing backwards, and taking his left hand off the bicycle's handlebars and placing it into his front jacket pocket, as though he was attempting to conceal something. These facts, taken together with rational inferences, give rise to the reasonable suspicion that Anderson was engaged in illegal drug activity.
¶ 11 For these reasons, we are satisfied that Seeger's search was valid and that the circuit court properly denied Anderson's motion to suppress. Accordingly, we affirm.
By the Court. -Judgment affirmed.
This opinion will not be published. See WIS. STAT. RULE 809.23(1)(b)5.

2013 Wisconsin Act 79 created multiple statutes relating to searches by law enforcement officers of individuals on community supervision (e.g., parole, probation, extended supervision). We will refer to the statutes collectively as "Act 79" because that is how the parties refer to them.

Seeger mistakenly described Anderson's community supervision as probation instead of extended supervision. This mistake is of no consequence, as people on probation for a felony are treated, under Act 79, in the exact same manner as people released to extended supervision. See Wis. Stat. §§ 973.09(1d) & 302.113(7r) (2015-16). All references to the Wisconsin Statutes are to the 2015-16 version.